# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MARY WHITE,

        Defendant.

No. CR04-4113-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S § 2255 MOTION**

---

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Charges And Plea* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   *B. Sentencing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   *C. The §2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
   *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 10
      *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . 10
      *2. Ineffective Assistance With Regard To 21 U.S.C. § 860* . . . . 13
      *3. Failure To Allow Access To Discovery File* . . . . . . . . . . . 15
      *4. Failure To Address Violation Of The Marital Privilege* . . . . . 17
      *5. Confidential Informant* . . . . . . . . . . . . . . . . . . . . . . . 18
      *6. Failure To Spend Sufficient Time* . . . . . . . . . . . . . . . . . 19
      *7. Other Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
      *8. Cumulative Effect* . . . . . . . . . . . . . . . . . . . . . . . . . . 20
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## I. INTRODUCTION AND BACKGROUND

This matter comes before the court pursuant to defendant Mary White's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 70) ("Motion"), filed on December 2, 2005. [1] White alleges that her trial counsel provided her with ineffective assistance of counsel. White claims that her counsel failed to spend sufficient time discussing the case with her. Specifically, she asserts that trial counsel failed to discuss the elements and consequences of a conviction pursuant to 21 U.S.C. §860 (distribution of drugs in or near a school) with her; that trial counsel claimed that he could not let her see the prosecution's discovery file because he was not allowed to see it himself; and that counsel did not listen to or address her concerns about the reliability of the confidential informant. Later, in her *Pro Se* Brief (docket no. 75), White includes an allegation that her counsel failed to pursue her complaints that the marital privilege had been violated. (Defendant's Brief at 2). The prosecution, in its Court Ordered Response To Defendant's Motion To Vacate, Set Aside Or Correct Sentence (docket no.77) argues that White's counsel did spend sufficient time discussing her case with her, including the school location enhancement, did explain to her the limited access she would have to the

---

[1]The court notes that Mary White did not sign her *Pro Se* § 2255 Motion. This Motion was signed by Louie White, her husband and co-defendant. Further, the court notes that the *Pro Se* Brief filed on Mary's behalf contains a typed signature but no handwritten signature and arrived in an envelope with Louie White's return address on it. In spite of any concerns about the procedural adequacy of these filings, and primarily because it is Mary White's only likely opportunity to file such a Motion within the statute of limitations, the court will address the merits raised by the Motion filed on her behalf.

discovery file and summarized it for her, and did address her concerns about the confidential informant. (Response at 7-9). The prosecution also takes the position that the marital privilege was not violated. (Response at 9-11).

## A. Charges And Plea

On December 9, 2004, White was charged in a three-count indictment (docket no. 1). Count one charged her with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine within 1,000 feet of a private school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 860(a), from about September 2002 through September 16, 2004. Count two of the indictment charged White with distribution of approximately 26.7 grams of a mixture or substance containing a detectable amount of methamphetamine which contained 1.3 grams of actual methamphetamine on or about June 17, 2004, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count three of the indictment charged White with distribution of approximately 46.4 grams of methamphetamine containing 6.5 grams of actual methamphetamine on or about July 15, 2004, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Louie White, Mary's husband, was charged as a co-conspirator on all counts of the indictment.

On December 13, 2004, Chief United States Magistrate Judge Paul A. Zoss set an arraignment and initial appearance for December 27, 2004. (docket no. 4). Judge Zoss subsequently reset the arraignment and initial appearance for December 29, 2004. (docket nos. 6, 7). White initially appeared, was arraigned and pleaded not guilty to all three counts of the indictment on December 29, 2004. (docket no. 8). White was released on her own personal recognizance. (docket no. 10). By Order, dated December 29, 2004, (docket no. 9), Judge Zoss scheduled a trial date of March 7, 2005. On February 3, 2005,

Judge Zoss set the matter for plea hearing on March 1, 2005. (docket no.16). On February 3, 2005, the undersigned set the matter for sentencing on May 27, 2005. (docket no. 17). On March 1, 2005, White appeared and pleaded guilty to Counts one and three of the indictment and was allowed to remain on release on her own recognizance until March 15, 2005. (docket no.22). Judge Zoss filed his Report And Recommendation Concerning Plea Of Guilty on March 1, 2005. (docket no. 25).

On March 15, 2005, Judge Zoss held a hearing on White's oral motion, by counsel, to withdraw her guilty plea, request a competency hearing and stay acceptance of Judge Zoss's Report and Recommendation until after a competency evaluation. (docket no. 29). By Order (docket no. 30) of March 15, 2005, Judge Zoss granted White's request for a competency evaluation, ordered that she be placed in custody for a period not to exceed thirty days, and scheduled a hearing pursuant to 18 U.S.C. §§ 4241(a) and 4247(d) on May 23, 2005. On March 15, 2005, the undersigned entered an Order Cancelling Sentencing Hearing (docket no. 31) pending the outcome of the competency evaluation and hearing pursuant to 18 U.S.C. § 4241(b).

On March 29, 2005, Judge Zoss held a hearing on the prosecution's motion to revoke White's post-guilty-plea release, revoking her release and ordering that White be detained. (docket no. 42). On May 10, 2005, Judge Zoss rescheduled White's competency hearing for June 17, 2005, in order to allow sufficient time for completion of a report. (docket no. 16). By Order (docket no. 17) of May 10, 2005, Judge Zoss continued White's competency hearing to June 20, 2005. On June 20, 2005, based upon the results of the evaluation, White's counsel filed a Withdrawal of the Intent to Rely Upon Insanity Defense. (docket no. 49). On June 20, 2005, Judge Zoss entered an Order (docket no. 50) cancelling White's competency hearing.

On July 1, 2005, the undersigned entered an Order Accepting Report and Recommendation re Plea (docket no. 54) as to White, thereby accepting her guilty plea. On July 1, 2005, the undersigned, by Order (docket no. 55) scheduled White's sentencing hearing for August 16, 2005.

### B. Sentencing

On August 16, 2005, White appeared before the undersigned and was sentenced to 120 months of incarceration on Count one of the indictment and to 120 months on Count three of the indictment, to run concurrently. (docket nos. 59, 63). More specifically, the court found that White's adjusted offense level, pursuant to the United States Sentencing Guidelines, was 32 and that she fell into a criminal history category of I. The guideline range for sentencing was between 121 and 151 months; however, the court, taking into consideration that White was a first-time drug offender and had no previous criminal record, entered its sentence of 120 months, just below the guideline range and in accordance with the statutory mandatory minimum for Count one. Count three required a statutory minimum of 60 months, which was addressed by sentencing White to 120 months on Count three to run concurrently with Count one. Count two of the indictment was dismissed as to both Mary and Louie White. (docket nos. 59, 63). All fines were waived and White received a special assessment of $200, with supervised release for a period of 10 years on Count one and 4 years on Count three, to run concurrently.

### C. The §2255 Motion

White did not appeal her conviction or sentence. Instead, on December 2, 2005, she filed her *Pro Se* Motion (docket no. 70) now before the court. In support of her Motion, White asserts that her counsel failed to adequately discuss various issues related

to her charges with her. White specifically alleges that her counsel failed to discuss with her application of 21 U. S. C. § 860(a) (distribution in or near schools), that counsel did not allow her access to the prosecution's discovery file, and that counsel did not listen to her concerns about the reliability of the confidential informant. In her *Pro Se* Brief, White additionally alleges that her counsel failed to address the wrongful use of testimony in violation of the marital privilege. (Brief at 2).

The prosecution argues that, although White now claims that she did not engage in drug conspiracy activities within 1,000 feet of a school, she signed a plea agreement stipulating to engaging in the activities of the conspiracy within 1,000 feet of a high school. (Response at 7-9). Further, the prosecution relies on the affidavit of counsel (Response, Exhibit 1), to the effect that he did in fact meet with White on several occasions to discuss her case. Counsel acknowledges in his affidavit that he was sufficiently concerned about White's ability to understand their discussions that he requested a competency evaluation for her. Counsel states that, even after White was deemed to be competent, communications with her remained difficult. Counsel's affidavit states that he specifically addressed the school enhancement, concerns about the confidential informant, and concerns about access to the discovery file with his client. The prosecution further points to White's initials on her plea agreement indicating that her attorney had represented her in a competent manner and that she had no complaints about her representation. (Response, Exhibit 2 at 13). In addressing the marital privilege, the prosecution argues that the Eighth Circuit Court of Appeals has adopted the "partners in crime exception" for communications between spouses involving the spouses' joint criminal activity. (Response at 11). The prosecution argues that White's spouse, who was charged as a co-conspirator in her case, was engaged in the joint criminal activity of the

drug conspiracy and, therefore, the marital privilege would not have applied to any information obtained from her. (Response at 11).

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of White's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255, a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors
> which could have been raised at trial or on direct appeal,
> absent a showing of cause and prejudice, *United States v.
> Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71
> L. Ed. 2d 816 (1982), or a showing that the alleged errors
> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of White's claims for § 2255 relief.

## B. Preliminary Matters

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). In this case, the court concludes that no evidentiary hearing is required on any issue, because the

record "conclusively show[s] that [White] is entitled to no relief" on her claim of ineffective assistance of counsel.  28 U.S.C. § 2255.

## C.  Ineffective Assistance Of Counsel

### 1.    Applicable Standards

White asserts that her counsel provided her with ineffective assistance of counsel by convincing her to plead guilty without thoroughly discussing with her the school enhancement, questions about her discovery file, concerns about the confidential informant, and concerns about possible violation of her Fifth Amendment right against self incrimination as well as violation of the marital privilege.  The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. CONST. AMEND. VI.  Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal.  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).  By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States.  28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").  The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record.  *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").  Thus, whether or

not White is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong

presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). To demonstrate "prejudice" in the context of a guilty plea, White must establish that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 2. *Ineffective Assistance With Regard To 21 U.S.C. § 860*

White claims that her counsel provided ineffective assistance by failing to spend sufficient time with her discussing the charges against her. Specifically, White now asserts that her counsel failed to explain to her the application of 21 U.S.C. § 860 (enhancement for engaging in drug activity in a protected location). 21 U.S.C. § 860 provides, in relevant part that:

> Any person who violates Section 841(a)(1) of this title by distributing, possessing with intent to distribute,…a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school. . . ., is subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. . . . .Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a person shall be sentenced under this subsection to a term of imprisonment of not less than one year.

Counsel indicates the following in his affidavit: "I did speak to her about the school enhancement, it was reviewed with her by the Magistrate Judge at the time of her plea taking and was again reviewed with her at the time of the review of her Pre-Sentence Report." Counsel's affidavit, thus, indicates that he did discuss the statutory provision with White and still determined that she should plead guilty.

The court, having reviewed the transcript from the plea hearing, is satisfied that White herself indicated, during her plea colloquy, under oath, that she had been given sufficient time to discuss the case with her counsel and had no complaints regarding her representation. A defendant's representations during plea taking carry a strong

presumption of verity and pose a formidable barrier in any subsequent collateral proceedings. *See United States v. Ledezma-Rodriquez,* 423 F.3d 830, 836 (8th Cir. 2005) (citing *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985), in turn quoting *Blackledge v. Allison,* 431 U.S. 63, 73 (1977)). White clearly indicated during her plea hearing both that she understood the application of 21 U.S.C. § 860 and that her counsel had adequately represented her. And again, in writing, as part of her plea agreement, White stated that she had been given an opportunity to discuss her case with counsel and had no complaints about the representation she received. (Response, Exhibit 2 at Paragraph 37). Based on the record, this court cannot find that counsel's representation with regard to the school location enhancement of 18 U.S.C. § 869 "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).

Even if White's counsel had failed to adequately explain 21 U.S.C. § 860 to her, White cannot demonstrate that she would have been prejudiced by such failure. To satisfy the "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). There is sufficient evidence in the record to indicate that, in all likelihood, the prosecution would have been able to obtain a conviction pursuant to 21 U.S.C. § 860. There was sufficient evidence in the record for a reasonable jury to find that White took several actions to further the crime of distributing or possessing methamphetamine with the intent

to distribute, within 1,000 feet of a school. The pre-sentence investigation report (docket no. 65) states that between September 2002 and September 2004, White sold methamphetamine out of her home to a confidential informant on multiple occasions. There is no dispute that White's home at the time of the conspiracy was within 1,000 feet of a private school, Bishop Heelan High School. White did not object to these factual findings in the pre-sentence investigation report. Further, White initialed, and therefore agreed to, provisions of her plea agreement stipulating that she was part of a conspiracy to distribute methamphetamine within 1,000 feet of a school. These facts would be sufficient for a reasonable jury to find that White was part of a drug conspiracy to distribute or possess with intent to distribute methamphetamine within 1,000 feet of a private school. *See United States v. Euans,* 285 F.3d 656, 662 (8th Cir. 2001) (engaging in actions, including taking phone calls and messages, and providing transportation, to further the crime of distributing methamphetamine within 1,000 feet of a protected location sufficient evidence). Given the facts and circumstances of the case, it was not unreasonable for White's counsel to advise her to plead guilty to the charge. *See Witherspoon v. Purkett,* 210 F.3d 901, 903 (8th Cir. 2000) (No prejudice where defendant cannot show that counsel would have changed a previous recommendation to plead guilty). White cannot establish either that she received ineffective assistance of counsel or that she suffered any prejudice.

### 3. *Failure To Allow Access To Discovery File*

White alleges that her counsel told her that he could not have access to the prosecution's discovery file in White's case. (Motion at 5). This is directly refuted by the affidavit submitted by counsel in response to White's Motion. The affidavit of counsel states, "I explained to Ms. White why she was unable to view the evidence they had

against her because of the discovery rules and the restriction of the release of the discovery material." (Response, Exhibit 2 at 2).

A defendant's assertion in a §2255 motion is not by itself sufficient to support a grant of relief under §2255 if evidence that the fact finder finds to be more credible indicates the contrary position. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). This court finds there is no merit to White's assertion that her counsel informed her that he could not have access to the discovery file in her case and finds her counsel's statement that he explained how the discovery process applied to her case, more credible.

This court can also find no prejudice to White in the event that her counsel did tell her that he did not have access to the discovery file. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). It is clear from the record that White was sufficiently aware throughout the proceedings of the evidence that the prosecution intended to use against her. White stipulated to facts in her plea agreement that provide a sufficient factual basis for conviction of the charges. (Response, Exhibit 2 at 12). Further, the pre-sentence investigation (docket no. 67), would have informed White of the evidence that the prosecution intended to use against her and she did not object to any provisions of the pre-sentence investigation report. White cannot, on this record, establish that there is a reasonable probability that but for counsel's errors, she

would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

### 4. Failure To Address Violation Of The Marital Privilege

White asserts that the prosecution used evidence against her that was obtained in violation of the marital privilege. White alleges that her husband's grand jury testimony was used against her and that she raised this concern with her attorney. (Motion, Supplemental Brief at 1). The prosecution argues that the marital privilege does not apply in cases involving joint criminal activity such as that involved in this case. (Response at 11-12).

The marital confidential communications privilege prohibits testimony regarding private intra-spousal communications. *United States v. Evans,* 966 F.2d 398, 401 (8th Cir. 1992) (citing *United States v. Lilley,* 581 F.2d 182, 189 (8th Cir. 1978)). The privilege extends only to words or acts that are intended as a communication to the other spouse. *See Pereira v. United States,* 347 U.S. 1, 6-7 (1954); *United States v. Smith,* 533 F.2d 1077 (8th Cir. 1976). The communication must also occur during a time when the marriage is valid under state law and the couple is not permanently separated. *United States v. Jackson,* 939 F.2d 625, 627 (8th Cir. 1991). Finally, the communication must be made in confidence, in other words, it cannot be made in the presence of a third party, and the communicating spouse cannot intend for it to be passed on to others. *United States v. McConnell,* 903 F.2d 566, 572 (8th Cir. 1990), *cert denied,* 498 U.S. 1106 (1991). Once these prerequisites are met, a defendant may invoke the privilege to prevent her spouse from testifying as to the content of the protected communication. *United States v. Evans,* 966 F.2d 398, 401 (8th Cir. 1992).

However, the Eighth Circuit Court of Appeals has approved the "joint criminal activity" exception to the privilege. *See id.,* (holding that statements by a defendant to her

husband about ongoing marijuana growing operation were not protected by the marital confidential communications privilege). In this case, White's spouse was indicted as a co-conspirator in the drug conspiracy and White stipulated to the fact that she and her husband transferred methamphetamine to a confidential informant on or about July 15th and 17th of 2004. (Response, Exhibit 2 at 12). Because White was engaged in "joint criminal activity" with her husband, the privilege does not extend to statements made by her spouse regarding the drug conspiracy. Because the "joint criminal activity" exception to the privilege would have applied in this case, her counsel was not objectively unreasonable for not taking any action with regard to it, and his opinion will not be second-guessed by the court. *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 (strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance). Because White cannot establish deficient performance by counsel, the court will not proceed further to analyze this aspect of White's "ineffective assistance" claim. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).

### 5. *Confidential Informant*

White alleges that her counsel refused to "listen to me about them using a dirty C.I." (Motion at 5). White alleges that the confidential informant used by the government was "dirty" because "(a) he always left his money about two to three hours before or maybe even overnight; (b) he always broke a big piece and put it in his pocket and always did a couple of lines before leaving; and (c) he always took some money out and put it in his pockets." (Supplemental Brief at 2).

Presumably White is alleging that these were all reasons for challenging the credibility of the confidential informant. However, counsel's affidavit states, "The

information that she tried to give me about the confidential informant was listened to and was either unintelligible or it was nothing that I could use to assist her with a defense. I explained to her as well as I possibly could why the information wouldn't help her in particular." (Response, Exhibit 1 at 3). In addition, the confidential informant in this case made a controlled buy, and the Eighth Circuit Court of Appeals has recognized that there is an inherent indicia of reliability in the richness and detail of a first hand observation of a confidential informant. *United States v. Warford,* 439 F.3d 836, 842 (8th Cir. 2006). The decision that the confidential informant's information was not so unreliable that it would convince counsel to advise his client not to accept a plea agreement was a strategic choice made by counsel after thorough investigation of law and facts relevant to plausible options and, as such, is virtually unchallengeable. *See Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690).

### 6.    *Failure To Spend Sufficient Time*

White asserts that her counsel only discussed her case with her one time before court. (Motion at 4). It is well established that the adequacy of counsel cannot be determined solely on the basis of the amount of time counsel spent interviewing their client. *See Lupo v. United States,* 435 F.2d 519, 523 (8th Cir. 1970) (citing *Kress v. United States,* 411 F.2d 16, 22 (8th Cir. 1969)). Further, the affidavit submitted by counsel in this matter refutes this assertion. Counsel states that "I met with her prior to her Arraignment and Initial Appearance on December 29, 2004; I sent her a letter on February 4, 2005; I sent her a letter on February 21, 2005; I called her on February 28, 2005; I spoke with her prior to her Plea Change on March 1, 2005; I sent her a letter on March 10, 2005; I called and talked to her on March 14, 2005, regarding her confusion over her request to reconsider her plea; I spoke with her at her Plea Reconsideration Hearing on March 15, 2005; on March 21, 2005, I sent her a letter regarding her

Competency Hearing and a TB test; I had a conference with her at the jail on July 28, 2005, to review her Pre-Sentence Report which was done in full at that time; and I had a conference with her prior to her sentencing on August 16, 2005." (Response, Exhibit 1 at 2). First, the court does not find White's assertions regarding the time her counsel spent with her believable and, second, because the court does not find that counsel otherwise provided ineffective assistance of counsel to White, the court does not find that an allegation that counsel spent insufficient time with White, without more, is sufficient to establish a claim pursuant to § 2255.

### 7. *Other Claims*

White raises additional claims relating to the alleged deficiency of counsel without providing an explanation of how specifically the alleged deficiencies prejudiced her. White claims that her counsel refused to listen to anything she had to say; that he told her to sign papers and he would take care of the rest; and that he told her that "they have you". (Motion at 5). The court, without addressing each in detail, cannot find that any of these claims are sufficient to establish that White received ineffective assistance of counsel.

### 8. *Cumulative Effect*

Although White's Motion never specifically uses the term "cumulative effect", she does at times indicate that all of the above deficiencies, taken together, deprived her of the right of effective counsel. The court rejects any such argument, based on the above Eighth Circuit Court of Appeal's precedent. The Eighth Circuit Court of Appeals has repeatedly recognized that "a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Middleton v. Roper*, 455 F.3d 838, 851 (citing *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002)). Cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own. *Scott v. Jones*, 915 F.2d 1188, 1191 (8th Cir. 1990).

### D.  Certificate Of Appealability

Denial of White's § 2255 Motion raises the question of whether or not she should be issued a certificate of appealability for her claim therein.  Whether or not a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)**  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b).  To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox*, 133 F.3d at 569.  Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that White has not made a substantial showing of the denial of a constitutional right on her § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of White's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, White does not make the requisite showing to satisfy § 2253(c) on her claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

Upon the foregoing, defendant White's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no.70) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 26th day of February, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA